## Dog Licenses.

*Taxation—Reimbursement of license tax mistakenly paid—Dog law.*

Where a license fee for a dog has been paid under a mistake of fact and the same has been turned into the State Treasury, there is no authority in law for reimbursing the person who has mistakenly paid it.

Department of Justice.   Opinion to Hon. P. P. Willits, Secretary of Agriculture.

CAMPBELL, 1st Dep. Att'y-Gen., March 20, 1925.—This department has your request of the 6th instant for an opinion as to whether or not there is authority to reimburse a party who has paid a license fee for a dog under some mistake of fact.

The instances which you cite are:  (1) Where more than one license has been issued for the same dog to two different members of a family, neither knowing that the other has made application, the proper fee having been paid for each license;  and (2) where an application for a license for a spayed female dog describes the same as a female dog, and the license has been issued for a dog thus described upon the payment of $2, the fee prescribed for such a dog, whereas the fee for a spayed female dog is $1.

You also state that by the time the error is discovered by the owner of the dog, the money paid for the license has been forwarded by the county treasurer to the State Treasurer, and there deposited to the credit of the "Dog Fund."

I am of the opinion that reimbursement under circumstances of this kind cannot be made;  first, because it is contrary to public policy;  and, second, because there is no specific appropriation for that purpose.

1. "In the absence of express statutory provision to the contrary, the recovery back of a license tax which was voluntarily paid will not be tolerated:" 25 Cyc. of Law and Procedure, 631.

The license fee to which you refer was voluntarily paid, as shown by the following citations:

. "The very word used to describe an involuntary payment imports a payment made against the will of the person who pays.  It implies that there is some fact or circumstance which overcomes the will and imposes a necessity of payment in order to escape further ills:" 21 Ruling Case Law, 146.

The payment of a tax to prevent seizure of property is not an involuntary payment, unless it appears that an attempt has been made by the officer to seize and sell the property: 21 Ruling Case Law, 160.

The legislature has not by statute modified the above cited rules with respect to the fee for a dog license.

2. Section 1 of the Act of May 11, 1909, P. L. 519 (West Penna. Stat., § 2172), provides that: "It shall be unlawful for any officer of this Commonwealth to authorize the payment of any money, by warrant or otherwise, out of the State Treasury, or for the State Treasurer to pay any money out of the State Treasury, except in accordance with the provisions of an act of assembly setting forth the amount to be expended. . . ."

No appropriation has been made under which refunds may be made to those who have paid the fee for a dog license under any mistake of law or fact.

I, therefore, advise that no such refund may be made.

From C. P. Addams, Harrisburg, Pa.